UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UMB BANK, N.A., *not in its*
*individual capacity but solely in*
*its capacity as Trustee under that*
*certain Trust Indenture dated as of*
*June 1, 2022, by and between the*
*Virginia Small Business Financing*
*Authority and UMB Bank, N.A.,*

        Plaintiff,

v.                                                        Civil No. 2:26cv297

TOTAL FIBER RECOVERY @ CHESAPEAKE,
LLC,

        Defendant.


<u>MEMORANDUM OPINION</u>

Plaintiff UMB Bank, N.A., moved on March 27, 2026, for the appointment of a receiver over Defendant Total Fiber Recovery @ Chesapeake, LLC. ECF No. 5. Defendant is alleged to have defaulted on $65,000,000 in bonds issued by the Virginia Small Business Financing Authority for the construction of a recycled pulp processing facility in Chesapeake, Virginia, which failed to function as designed and has been idle "since at least November 2024." ECF No. 1 ¶¶ 1-2, 21. Plaintiff, as Trustee and collateral agent for the benefit of the holders of those bonds, now seeks a receivership to "preserve the collateral" and "maximize recovery." ECF No. 5, at 2.

On April 20, 2026, Plaintiff and Defendant "stipulate[d] and agree[d] to the appointment" of a receiver "as soon as possible." ECF No. 16, at 2.   According to the parties' joint stipulation, Defendant "does not contest" the appointment of a receiver and agrees that "there is no adequate remedy available other than" receivership.  Id.  To give effect to this agreement, the parties' proposed consent order would appoint a receiver "to enter upon and take exclusive power, authority and control over the property, assets, management, operations, maintenance, leasing, repair and preservation of the property of" Defendant.   ECF No. 16-1, at 3.

The Court heard argument on April 28, 2026.  ECF No. 21.  In deference to "[d]ue process dictates and principles of fairness," Gilchrist v. Gen. Elec. Cap. Corp., 262 F.3d 295, 302 (4th Cir. 2001) (quoting R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 955 (4th Cir. 1999)), the Court continued the matter and directed counsel for Plaintiff to give notice to Defendant's creditors and any other interested parties, to the extent practicable, in advance of a second hearing on the matter.  See ECF No. 22.  The date, time, and location of that second hearing were stated in the Court's Order, id., and publicly posted on the Court's schedule. Plaintiff's counsel certified on May 7, 2026, that notice had been given by e-mail or certified mail "to all parties identified as creditors" in an accounts payable report prepared by Defendant. ECF No. 24.

2

On May 14, 2026, the Court held a second hearing on the motion and stipulation. In addition to Plaintiff and Defendant, persons representing four other interested parties were present and afforded an opportunity to be heard. No objections to the appointment of a receiver were raised at the hearing or in any written filing.[1]

This Court "has within its equity power the authority to appoint receivers and to administer receiverships." Gilchrist, 262 F.3d at 302 (citing Fed. R. Civ. P. 66). Though this authority sounds in equity, its exercise may be informed by relevant agreements of the parties. See D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broad., Inc., 550 F. Supp. 2d 481, 490-91 (S.D.N.Y. 2008) (quoting Citibank v. Nyland (CF8) Ltd., 839 F.2d 93, 97 (2d Cir. 1988)).

Here, the appointment of a receiver is "strongly support[ed]" by Plaintiff's entitlement, under the loan agreement, to receivership in the event of Defendant's default. Id.; see ECF No. 1-3, at 39; cf. ECF No. 6, at 4-5 ("[Defendant's] obligations under the Loan Agreement are secured by a comprehensive collateral package."); Netsphere, Inc. v. Baron, 703 F.3d 296, 306 (5th Cir.

---

[1] Plaintiff has represented in a sworn declaration that "[t]he major stakeholders" and "the majority of creditors by the amount of claims held of which [Plaintiff] is aware who have an interest in the appointment of a receiver over [Defendant], are aware of the request for receivership and consent to or support the relief requested." ECF No. 20, at 3. At the hearing, counsel representing three related creditors requested certain revisions to the consent order, to which the parties agreed.

2012) (explaining that "'[s]ecured creditors, lienholders, and mortgagees' may seek appointment of a receiver" (citation omitted)). Notably, Defendant does not attempt to "demonstrat[e] why a receiver should not be appointed." D.B. Zwirn, 550 F. Supp. 2d at 491 (citations omitted). Instead, Defendant consents to receivership. ECF No. 16 ¶ 2.

More broadly, the balance of equities favors receivership. Plaintiff's ultimate "success" on its breach-of-contract claim is highly "probable," if not guaranteed. SS Richmond LLC v. Harrison, No. 3:22cv405, 2023 WL 1499574, at *2 (E.D. Va. Jan. 20, 2023) (quoting Chesapeake Bank v. Berger, No. 4:14cv66, 2014 WL 5500872, at *2 (E.D. Va. Oct. 30, 2014)). In the meantime, Plaintiff has adequately demonstrated a threat of further "loss or injury to" Defendant's languishing assets, "which the receivership would avoid" or, at least, mitigate, and which neither Defendant nor any other interested party has contradicted. LNV Corp. v. Harrison Fam. Bus., LLC, 132 F. Supp. 3d 683, 689 (D. Md. 2015) (quoting Gordon v. Washington, 295 U.S. 30, 39 (1935)).

Defendant's "mounting obligations, in addition to the money owed" to the bondholders, as well as "its failure to 'demonstrate any concrete plan'" to recover, all "strongly militate[] in favor of appointment." D.B. Zwirn, 550 F. Supp. 2d at 492 (citation omitted). It certainly appears that the "extraordinary remedy" of receivership may in this case serve to "safeguard the disputed

4

assets, administer the property as suitable," and facilitate "a final, equitable distribution of the assets if necessary." SS Richmond LLC, 2023 WL 1499574, at *1-3 (quoting Liberte Cap. Grp., LLC v. Capwill, 462 F.3d 543, 551 (6th Cir. 2006)).

Accordingly, Plaintiff's motion to appoint a receiver, ECF No. 5, is **GRANTED**. An appropriate Order shall separately issue.

The Clerk is **REQUESTED** to send a copy of this Memorandum Opinion to all counsel of record.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 14 , 2026

5